**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AUGUSTUS SYMONETTE, MICHELLE SYMONETTE,<br><br>        Plaintiffs - Appellants,<br><br>  v.<br><br>CITY OF NORTH LAS VEGAS, TONRY, Police Officer, STUCKEY, Police Officer, MIDDLEBROOK, Sergeant,<br><br>        Defendants - Appellees. | No. 09-17106<br><br>D.C. No.2:07-cv-01273-PMP-LRL<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, District Judge, Presiding

Argued and Submitted July 21, 2011
San Francisco, California

Before:    TASHIMA and RAWLINSON, Circuit Judges, and RAKOFF, Senior
District Judge.[**]

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The Honorable Jed S. Rakoff, Senior United States District Judge for the Southern District of New York, sitting by designation.

Plaintiffs Augustus and Michelle Symonette appeal from the district court's grant of defendants' motions for summary judgment. While Augustus Symonette ("Symonette") was waiting to pick up his son from work, in the vicinity of a narcotics-related traffic stop that was still in progress, two North Las Vegas Police officers approached Symonette, threatened to use a Taser on him, and handcuffed him before releasing him several minutes later. Symonette's complaint alleged deprivation of civil rights under 42 U.S.C. § 1983, conspiracy to interfere with civil rights under 42 U.S.C. § 1985, battery, and intentional infliction of emotional distress against the defendant officers, as well as negligent hiring and respondeat superior claims against the City of North Las Vegas and its police department. Symonette's wife, Michelle Symonette, also sued the defendants for loss of consortium resulting from the incident. The district court granted defendants' motion for summary judgment on all counts, ruling that defendants were entitled to qualified immunity on the federal civil rights claims and concluding that the evidence did not support plaintiffs' state-based claims. We affirm.

Government actors performing discretionary functions are generally "shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Even where

the plaintiff's federal rights and the scope of the official's permissible conduct are clearly established, the qualified immunity defense protects a government actor if it was objectively reasonable for him to believe that his actions were lawful at the time of the challenged act. Anderson v. Creighton, 483 U.S. 635, 641 (1987). A defendant is entitled to immunity under this objective reasonableness standard if "officers of reasonable competence could disagree" on the legality of the defendant's actions. Malley v. Briggs, 475 U.S. 335, 341 (1986).

Under the totality of the circumstances, the defendant officers had an objectively reasonable suspicion that the driver of Symonette's vehicle was involved with the nearby narcotics-related traffic stop. The officers also used a reasonable level of force to ascertain Symonette's identity during the investigatory stop. While Nevada's "stop and identify" statute only requires a suspect to state his name rather than provide documentation of his identity, see Hiibel v. Sixth Jud. Dist. Court of Nev., Humboldt Cnty., 59 P.3d 1201, 1206 (Nev. 2002), the Supreme Court has routinely held that "questions concerning a suspect's identity are a routine and accepted part of many Terry stops" so we cannot conclude that the officers violated a clearly established constitutional right by asking Symonette to show them a written form of identification. See Hiibel v. Sixth Jud. Dist. Court of Nev., Humboldt Cnty., 542 U.S. 177, 186 (2004).

3

We further conclude that the district court did not err in concluding that the defendants were entitled to summary judgment on Symonette's equal protection claim. Even assuming that the officers failed to stop another car in the vicinity that was being driven by a white female, that fact alone is insufficient to establish invidious discrimination. Because Symonette's vehicle was the only one in the immediate area that was facing the narcotics-related traffic stop, the officers had a reason to single out Symonette as potentially being involved in narcotics trafficking. Because there was no violation of Symonette's rights, under either the Fourth or Fourteenth Amendment, the district court properly concluded that the defendant officers were entitled to qualified immunity on the federal civil rights causes of action.

Because the officers did not violate Symonette's constitutional rights, the district court also properly concluded that the defendants were entitled to summary judgment on plaintiffs' claims for municipal liability under 42 U.S.C. § 1983 and conspiracy under 42 U.S.C. § 1985. Finally, we conclude that the district court did not err in granting the defendants summary judgment on plaintiffs' state law claims because the plaintiffs could not establish the necessary elements of these claims.

We have considered the appellants' additional arguments and similarly conclude that they are without merit.

4

**AFFIRMED**.